JACOB AYRES (SBN 299869)
jacob.ayres@dinsmore.com
DINSMORE & SHOHL LLP
655 W. Broadway, Suite 800
San Diego, California 92101
Tel: (619) 400-0500
Fax: (619) 400-0501

Attorneys for Defendant
SBKFC HOLDINGS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KFC #E791053, a business of unknown form; SBKFC HOLDINGS, LLC, a Colorado limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:18-CV-01348-DSF-RAO<br><br>**DEFENDANT SBKFC HOLDINGS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant SBKFC HOLDINGS, LLC ("SBKFC") hereby answers Plaintiff JAMES RUTHERFORD's ("Plaintiff" or "Rutherford") Complaint ("Complaint") as follows:

### PARTIES

1. SBKFC is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first, second, third, fourth, fifth,

Case No. 5:18-CV-01348

1

and sixth sentences of Paragraph 1 of the Complaint and therefore denies same. As to the specific statutory and regulatory references in the fourth sentence of Paragraph 1 of the Complaint, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12102(2), and the regulations at 28 C.F.R. §§ 36.101 et seq., speak for themselves. To the extent the allegations are inconsistent with that statute and the regulations, SBKFC denies them.

2. SBKFC denies the allegations set forth in Paragraph 2 of the Complaint. The ADA speaks for itself; to the extent the allegations in the Complaint are inconsistent with the ADA, SBKFC denies them.

3. Admitted.

4. Admitted.

5. Denied.

6. SBKFC is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 6 of the Complaint and therefore denies same.

7. Denied.

## JURISDICTION AND VENUE

8. The allegations in Paragraph 8 of the Complaint are jurisdictional statements to which no response is required. To the extent a response is required, SBKFC denies the allegations. The statutes cited in Paragraph 8 of the Complaint speak for themselves and to the extent the allegations are inconsistent with those

statutes, SBKFC denies them.

9. The allegations in Paragraph 9 of the Complaint are jurisdictional statements to which no response is required. To the extent a response is required, SBKFC denies the allegations. The statutes cited Paragraph 9 of the Complaint speak for themselves and to the extent the allegations are inconsistent with those statutes, SBKFC denies them.

10. The allegations in Paragraph 10 of the Complaint are venue statements to which no response is required. To the extent the allegations are inconsistent with those statutes, SBKFC denies them.

## FACTUAL ALLEGATIONS

11. SBKFC is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 11 of the Complaint and therefore denies same.

12. The definition of "Business," as defined in Paragraph 5, is so vague that SBKFC is unable to admit or deny the allegation in Paragraph 12 that the "Business" is a facility open to the public, a place of public accommodation, or a business establishment, and therefore denies the allegations in Paragraph 12.

13. SBKFC is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 13 of the Complaint and therefore denies same. SBKFC affirmatively states that it does not operate or control the subject Property or Business.

SBKFC denies the allegations in Paragraph 14 of the Complaint. SBKFC affirmatively states that it does not operate or control the subject Property or Business.

15. SBKFC denies the allegations in Paragraph 15 of the Complaint. SBKFC affirmatively states that it does not operate or control the subject Property or Business.

16. SBKFC denies the allegations in Paragraph 16 of the Complaint. SBKFC affirmatively states that it does not operate or control the subject Property or Business.

17. SBKFC denies the allegations in Paragraph 17 of the Complaint. SBKFC affirmatively states that it does not operate or control the subject Property or Business.

18. SBKFC denies the allegations in Paragraph 18 of the Complaint. SBKFC affirmatively states that it does not operate or control the subject Property or Business.

19. SBKFC denies the allegations in Paragraph 19 of the Complaint. SBKFC affirmatively states that it does not operate or control the subject Property or Business.

20. SBKFC denies the allegations in Paragraph 20 of the Complaint. SBKFC affirmatively states that it does not operate or control the subject Property or Business.

21. SBKFC is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint and therefore denies same. SBKFC affirmatively states that it does not operate or control the subject Property or Business.

22. SBKFC is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 of the Complaint and therefore denies same. SBKFC affirmatively states that it does not operate or control the subject Property or Business.

23. SBKFC is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 of the Complaint and therefore denies same. SBKFC affirmatively states that it does not operate or control the subject Property or Business.

24. SBKFC denies the allegations in Paragraph 24 of the Complaint. SBKFC affirmatively states that it does not operate or control the subject Property or Business.

25. SBKFC denies the allegations in Paragraph 25 of the Complaint. SBKFC affirmatively states that it does not operate or control the subject Property or Business.

26. SBKFC denies the allegations contained in Paragraph 26 of the Complaint and affirmatively states that it does not operate or control the subject Property or Business. The case cited in Paragraph 26 of the Complaint speaks for

itself. To the extent Plaintiff's allegations are inconsistent with the case, SBKFC denies them.

27. Denied.

28. Denied.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.*

29. SBKFC realleges and incorporates by reference its responses to Paragraphs 1 through 28 of Plaintiff's Complaint as if fully set forth herein.

30. The allegations in Paragraph 30 of the Complaint reference statutory provisions of the ADA. These statutes speak for themselves. To the extent the allegations in the Complaint are inconsistent with the statutory provisions, SBKFC denies them.

31. The allegations in Paragraph 31 of the Complaint cite various federal regulations and guidelines related to ADA standards. These regulations and guidelines speak for themselves. To the extent that the allegations in the Complaint are inconsistent with the regulations or guidelines, SBKFC denies them. SBKFC denies all other allegations in Paragraph 31 of the Complaint.

32. Denied.

33. The allegations in Paragraph 33 of the Complaint are a reference to 28 C.F.R. § 36.211(a). This regulation speaks for itself. To the extent that the

allegations in the Complaint are inconsistent with this regulation, SBKFC denies them.

34. The allegations in Paragraph 34 of the Complaint are future statements to which no response is required. To the extent a response is required, SBKFC denies them.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*

35. SBKFC realleges and incorporates by reference its responses to Paragraphs 1 through 34 of Plaintiff's Complaint as if fully set forth herein.

36. SBKFC denies the allegations in Paragraph 36 of the Complaint. The allegations in Paragraph 36 of the Complaint cite California Civil Code § 51 *et seq.* These statutes speak for themselves. To the extent the allegations in the Complaint are inconsistent with the statutory provisions, SBKFC denies them.

37. SBKFC denies the allegations in Paragraph 37 of the Complaint and denies that it is liable for any damages whatsoever.

38. SBKFC denies the allegations in Paragraph 38 of the Complaint. The provisions of California Civil Code § 51 *et seq.* speak for themselves. To the extent the allegations in the Complaint are inconsistent with those statutory provisions, SBKFC denies them.

///

## PRAYER FOR RELIEF

This section of the complaint constitutes a prayer for relief to which a response is not required. To the extent this section may be deemed to allege any facts or factual or legal entitlements to the relief requested, Defendant denies each and every such allegation. Specifically, Defendant denies that Plaintiff is entitled to any of the requested relief.

## JURY DEMAND

This section of the complaint constitutes a jury demand to which a response is not required.

## GENERAL DENIAL

Defendant denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

SBKFC did not operate or control the Property or Business. Plaintiff's alleged injuries and/or damages, if any, were not caused or proximately caused by any act or omission of this answering Defendant.

### Second Affirmative Defense

Plaintiff fails to state a claim against SBKFC upon which relief may be granted, in whole or in part.

///

///

### Third Affirmative Defense

Plaintiff has not been denied full and safe access to all of the benefits, accommodations, and services of the Business or Property.

### Fourth Affirmative Defense

SBKFC pleads the affirmative defenses of waiver, consent, estoppel, laches and/or unclean hands.

### Fifth Affirmative Defense

Plaintiff lacks standing to bring some or all of the claims alleged in this action.

### Sixth Affirmative Defense

Plaintiff failed to provide any notice of alleged violations prior to commencing this action, and SBKFC did not have any actual or constructive notice regarding any accessibility issues concerning the Business or Property.

### Seventh Affirmative Defense

The physical items identified by Plaintiff are not architectural barriers to access, and do not prevent enjoyment of the goods and services of the subject facility.

### Eighth Affirmative Defense

The removal, accommodation or alteration of the barriers identified by Plaintiff are not readily achievable, are not technically feasible, would create safety hazards, are not otherwise required, and/or would result in an undue burden.

### Ninth Affirmative Defense

Upon information and belief, some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or other statutory or other provisions of law.

### Tenth Affirmative Defense

Upon information and belief, any action alleged that allegedly adversely affected Plaintiff was taken in good faith and for legitimate business reasons and without evil, motive, willfulness, malice or reckless indifference toward Plaintiff.

### Eleventh Affirmative Defense

Upon information and belief, Plaintiff has failed to mitigate any alleged damages, any entitlement to which is expressly denied.

### Twelfth Affirmative Defense

Upon information and belief, if, *arguendo*, ADA Accessibility Guidelines were deemed to be relevant in this case, any deviations from those guidelines are *de minimis* and within construction tolerances.

### Thirteenth Affirmative Defense

Upon information and belief, Plaintiff's claims are barred in whole or in part, because Plaintiff was not a bona fide patron of the Business or Property and, if he was ever on the premises, he entered for the sole purpose of instituting the instant litigation.

///

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent he is not a qualified individual with a disability entitled to relief within the meaning of the statutes upon which he bases his claims.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred because SBKFC did not discriminate against Plaintiff or deny him a full and equal opportunity to enjoy the goods and services provided at the Business or Property on the basis of an alleged disability.

### Sixteenth Affirmative Defense

Plaintiff's alleged injuries and/or damages, if any, were not caused by any act or omission of SBKFC.

### Seventeenth Affirmative Defense

To the extent Plaintiff is challenging the accessibility of the paths of an altered area containing a primary function, the cost and scope of compliance would in fact be disproportionate to the overall alteration, and/or the areas in question are not paths of travel within the meaning of the referenced statutes and regulations.

### Eighteenth Affirmative Defense

Plaintiff's action should be dismissed for failure to join an indispensable party.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of Res Judicata.

### Twentieth Affirmative Defense

Upon information and belief, all actions taken with regard to the design and construction of the Business or Property were taken in good faith and for legitimate, lawful business reasons.

### Twenty-First Affirmative Defense

Upon information and belief, other parties or entities provided equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy the goods, facilities and services at the Business or Property.

### Twenty-Second Affirmative Defense

Plaintiff's claims are barred for lack of personal jurisdiction.

### Twenty-Third Affirmative Defense

Plaintiff's claims are barred because to the extent alterations were made to the Business or Property, such alterations are sufficient in that they satisfy the "to the maximum extent feasible" standard under 42 U.S.C. §12183(a)(2) and 28 C.F.R. § 36.402(a)(1).

### Twenty-Fourth Affirmative Defense

Good faith efforts have been made to comply with the ADA and the California statutes, laws and rules referenced in the Complaint, including providing appropriate alternative access.

///

///

### Twenty-Fifth Affirmative Defense

All design and construction actions taken with regard to the property were taken prior to the passage of state or federal acts at issue and no triggering alterations have since been made.

### Twenty-Sixth Affirmative Defense

Plaintiff's claims under the Unruh Act are barred by the statutory provisions of Civil Code sections 51 and 52, which exclude requirements to effect construction, alteration, repair (structural or otherwise), or modification of any sort whatsoever to any new or existing establishment, facility, building, improvement, or any other structure.

### Twenty-Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

### Twenty-Ninth Affirmative Defense

Plaintiff's claims are barred because they have already been settled.

### Thirtieth Affirmative Defense

Plaintiff's claims are barred because they were released in a previous contractual agreement.

///

### Thirty-First Affirmative Defense

Plaintiff's Complaint fails to state a cause of action under the ADA because the ADA is unconstitutional for reasons including, but not limited to, its vagueness and its violation of the constitutional prohibition of government taking under the Due Process clause of the United States Constitution.

### Thirty-Second Affirmative Defense

Plaintiff's Complaint fails to state a cause of action under the UNRUH CIVIL RIGHTS ACT, CIVIL CODE SECTIONS 51 and 52 because it is unconstitutional for reasons including, but not limited to, its vagueness and its violation of the constitutional prohibition of government taking under the Due Process clause of the United States Constitution.

### Thirty-Third Affirmative Defense

SBKFC reserves the right to revise this Answer and/or raise additional affirmative defenses that may be discovered during the course of these proceedings.

///

///

///

///

///

///

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff's Complaint and each cause of action thereof be dismissed with prejudice;

2. That Plaintiff takes nothing by the Complaint;

3. That the Court enter judgment in favor of Defendant;

4. That Defendant be awarded its costs and attorneys' fees incurred herein to the extent permitted by law and/or contract; and

5. That the Court order such other and further relief as the Court deems just and proper.

Dated: September 14, 2018                Respectfully submitted,

/s/ Jacob Ayres
JACOB AYRES (SBN 299869)
jacob.ayres@dinsmore.com
DINSMORE & SHOHL LLP
655 W. Broadway, Suite 800
San Diego, California 92101
Telephone: (619) 400-0500
Facsimile: (619) 400-0501

*Attorneys for Defendant SBKFC HOLDINGS, LLC*

///
///
///
///

## CERTIFICATE OF SERVICE

I certify that, on the date specified below, this document filed through the ECF system was sent electronically to the registered participates as identified on the Notice of Electronic Filing.

Dated: September 14, 2018        /s/ Jacob A. Ayres
                                 Jacob A. Ayres

13297492