Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132885)
Osman M. Taher, Esq. (State Bar No. 272441)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff
JAMES RUTHERFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KFC #E791053, a business of unknown form; SBKFC HOLDINGS, LLC, a Colorado Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:18-cv-01348-DSF-RAO<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Date: December 3, 2018**<br>**Time: 11:00 a.m.**<br>**Hon. Dale S. Fischer** |

1

NOW COME Plaintiff JAMES RUTHERFORD ("Plaintiff") and Defendant KFC #E791053 and Defendant SBKFC HOLDINGS, LLC ("collectively referred to as "Defendants"), by and through the undersigned counsel and hereby respectfully submit the instant Joint Rule 26(f) Scheduling Report.

**B.  Statements Of The Case**

<u>Plaintiff</u>: Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting and grasping objects.  As a result of these disabilities, Plaintiff relies upon mobility devices, including at times, a wheelchair, to ambulate.  With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.   Plaintiff is also the holder of a Disabled Person Parking Placard.

Plaintiff personally visited Defendants' property located at 4371 Ontario Mills Parkway, Ontario, CA 91764 (the "Subject Property") but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendants' facility, even though he would be classified as a "bona fide patron."  Specifically, he desired to visit the Subject Property as a consumer, but experienced difficulty due to Defendants' failure to provide adequate access to the subject business and its interior.

It is alleged that Defendants own and operate the Subject Property where the subject restaurant (the "Business") is located.  It is alleged that Defendants are liable to Plaintiff for the alleged ADA violations.

The Business is a facility open to the public, a place of public accommodation, and a business establishment. Instead of having architectural barrier free facilities for patrons with disabilities, Plaintiff experienced the following at the Subject Property: the accessible parking space access aisle serving the main entrance

2

has slopes and counter slopes from 4.9 to 14% which exceed the maximum allowed of 2% per Section 502; the pavement surface at the accessible parking spaces and access aisles had deteriorated to the point that it is chipped, cracked, and pock marked with holes.  Section 302 of the Americans with Disability Act Accessibility Guidelines requires that floor and ground surfaces be stable, firm, and slip resistant; the restroom sink has old style grab and twist faucet handles which require tight grasping, pinching, or twisting of the wrist in violation of Section 309; and there is a wall mounted garbage receptacle intruding into the pathway at the accessible sink. Objects with leading edges more than 27 inches (685 mm) and not more than 80 inches (2030 mm) above the finish floor or ground shall protrude 4 inches (100 mm) maximum horizontally into the circulation path per Section 307.2.

Plaintiff alleges that Defendants violated Plaintiff's rights under the ADA and the Unruh Civil Rights Act.  In addition to injunctive relief, Plaintiff seeks an award of damages of not less than $4,000 per violation as well as deterrence damages arising out of Plaintiff's visits to the Subject Property on or about April 9, 2018 and for reasonable attorneys' fees litigation expenses, and costs of suit, pursuant to California Civil Code § 52.

<u>Defendant</u>:  Defendants deny Plaintiff's allegations and further deny that it has violated the ADA, the Unruh Civil Rights Act, or any other laws claimed by Plaintiff. Defendants further maintain that there is no evidence that Plaintiff ever visited the location in question and that the description of the restaurant and the violations is inaccurate. Plaintiff also fails to identify the date of the alleged multiple visits to the property.  Defendants further maintain that there is no basis for injunctive relief as there are no violations of the ADA or the Unruh Civil Rights Act at the location.  Defendants further maintain that Plaintiff is inaccurate with respect to the alleged interests of the Defendants and the corporate names.

**B.     Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181 as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1332.  The Court may exercise supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367, because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims, they form part of the same case or controversy under Article III of the United States Constitution.

**C.     Legal Issues**

Plaintiff: The principal legal issues are: (1) whether the Defendants are responsible under the law to remove/ remediate barriers; (2) whether the Plaintiff has standing to seek either damages or injunctive relief; (3) whether Plaintiff was denied equal access to the facility and; (4) the nature and extent of Plaintiff's damages.

Defendant: The principal legal issues are: (1) whether the property was compliant with applicable law at the time that Plaintiff allegedly visited; (2) whether the Plaintiff has standing to seek either damages or injunctive relief; (3) whether Plaintiff was denied equal access to the facility and; (4) the nature and extent of Plaintiff's damages.

**D.     Parties, Evidence, Etc.**

Plaintiff:  The Parties include Plaintiff and Defendants.  Plaintiff does not expect any additional parties to be added at this time.  Expected witnesses include Plaintiff, Plaintiff's expert regarding the alleged barriers at the Subject Property, the person(s) most knowledgeable for Defendant regarding its design, maintenance, and accessibility of the Subject Property, and the Parties' respective experts.  Expected key documents/evidence include an expert led site inspection, which will result in a report, to identify each barrier that would affect Plaintiff's type of disability.

Defendant:  The Parties include Plaintiff and Defendants.  Defendant does not expect any additional parties to be added at this time.  Expected witnesses include the person(s) most knowledgeable for Defendant regarding the premises and its design, and accessibility; Plaintiff; Jeffrey Williams; Stacey Kelleher; and the Parties' respective experts.  Expected key documents/evidence include photographs of the premises, construction documents, an expert site inspection, corporate documents re property ownership, and the lease of the premises.

### E. Damages

Plaintiff seeks a preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and the Property; an award of statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code; and an additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016).

Plaintiff claims that he is entitled to the minimum statutory damages for his encounters and deterrence of not less than $16,000.00.

Defendants deny that Plaintiff has been damaged by any actions of Defendants.

### F. Insurance

The Parties are unaware of insurance coverage applicable to this action.

### G. Motions

Plaintiff:  Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then if applicable, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barriers removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier*

*1Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

<u>Defendant</u>: Defendants anticipate filing a motion for summary judgment and/or summary adjudication on the issue of the alleged violations at the property and restaurant in question and as to the ownership of the property.

### H. Manual for Complex Litigation

The Parties do not believe this case is complex or requires references to the procedures set forth in the Manual on Complex Litigation.

### I. Status of Discovery

The Parties are engaged in settlement discussions and have not initiated or completed any formal discovery.

### J. Discovery Plan

The Parties will exchange initial disclosures within 14 days after the Scheduling Conference.

<u>Plaintiff</u>: Plaintiff believes that phasing of discovery is unnecessary. Plaintiff intends to conduct discovery on the following topics via written discovery and deposition(s) of Defendants' person most knowledgeable pursuant to FRCP 30(b)(6):

1. Defendants' operation of Subject Proeprty and Business;
2. Defendants' ownership of the Subject Property and Business;
3. The accessibility of the Subject Property and Business;
4. Defendants' policy regarding accessibility of the Subject Property and Business.

To this end, Plaintiff will serve written Requests for Admission, Interrogatories and Document Requests upon Defendants. Plaintiff also anticipates taking the deposition of Defendant's person most knowledgeable as well as the deposition of other potential witnesses.

<u>Defendant</u>: Defendants intend to seek discovery related to (1) Plaintiff's alleged

6

JOINT 26F REPORT

visits to the Property; (2) the feasibility of any alleged modifications to the Property; (3) the applicability of any "safe harbor" provisions; and (4) expert discovery. Defendants intend to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of Plaintiff and to take the depositions of Plaintiff's expert(s) and any percipient witnesses identified by Plaintiff in the Initial Disclosures.

**K.    Discovery Cut-Off**

Plaintiff:   May 7, 2019

**L.    Expert Discovery**

Initial:       May 21, 2019

Rebuttal:   June 4, 2019

Cutoff:       June 18, 2019

**M.    Dispositive Motions**

Plaintiff: Plaintiff anticipates filing a motion for summary judgment, or, in the alternative, a motion for partial summary judgment under the ADA and the Unruh Civil Rights Act.  The issues in this case stem from a question of whether the accessibility barriers on the Subject Property and Business violate the ADA and Unruh Civil Rights Act.  A determination of these issues will depend on inquiries of (1) whether Defendants are responsible under the law to remove/remediate the barriers; (2) whether the Plaintiff has standing to seek either damages and/or injunctive relief; and (3) the nature and extent of damages.

Defendant:   Defendants anticipate filing a motion for summary judgment and/or summary adjudication on the issue of the alleged violations at the property and restaurant in question and as to the ownership of the property.

**N.    Settlement/Alternative Dispute Resolution (ADR)**

The Parties have communicated informally about settlement and closure.

These informal discussions are still in their early stages. In the event that this matter is not expeditiously resolved, the Parties select ADR Procedure No. 2 as the settlement mechanism under Local Rule 16-15.4.  ADR Procedure No. 2 states, "[t]he parties shall appear before a neutral selected from the Court's Mediation Panel."

**O.     Trial Estimate**

Plaintiff:  Plaintiff estimates approximately 4-6 days for trial.  Plaintiff prefers a bench trial.  Plaintiff estimates calling three witnesses.

Defendants: Defendants request a jury trial. Defendants anticipate a two-day jury trial.

**P.     Trial Counsel**

Plaintiff:  Trial counsel for Plaintiff shall be Joseph R. Manning, Jr, Michael J. Manning, Craig G. Cote and Osman M. Taher of Manning Law, APC.

Defendant: Trial counsel for Defendant is Julianne Pinter.

**Q.     Independent Expert or Master**

The Parties do not anticipate the need for an Independent Expert or Master.

**R.     Timetable**

Timetable is attached as Exhibit A.

**S.     Other Issues**

None at this time.

Dated: _November 26, 2019_          **MANNING LAW, APC**

By: /s/ *Joseph R. Manning Jr.*
　　Joseph R. Manning Jr., Esq.
　　Michael J. Manning, Esq.
　　Craig G. Cote, Esq.
　　Osman M. Taher, Esq.
　　Attorneys for Plaintiff

8

JOINT 26F REPORT

|   |   |
|---|---|
|   | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| Dated: November 26, 2019 |   |
|   | By: */s/* Lyne A. Richardson |
|   | Lyne A. Richardson |
|   | Attorneys for Defendant |
|   | Great American Chicken and SBKFC HOLDINGS, LLC |

### Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph R. Manning, Jr., hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 26, 2019_        **MANNING LAW, APC**

By:  /s/ *Joseph R. Manning Jr., Esq.*
Joseph R. Manning Jr., Esq.
Michael J. Manning, Esq.
Craig G. Cote, Esq.
Osman M. Taher, Esq.
Attorneys for Plaintiff