LYNE A. RICHARDSON (SBN 143566)
lyne.richardson@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Tel: (213) 239-9800
Fax: (213) 239-9045

Attorneys for Defendant
GREAT AMERICAN CHICKEN CORP, INC.
DBA KFC #E791053

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KFC #E791053, a business of unknown form; SBKFC HOLDINGS, LLC, a Colorado limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:18-CV-01348-DSF-RAO<br><br>**DEFENDANT GREAT AMERICAN CHICKEN CORP, INC. DBA KFC #E791053'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant GREAT AMERICAN CHICKEN CORP, INC. dba KFC #E791053 ("GAC") hereby answers Plaintiff JAMES RUTHERFORD's ("Plaintiff" or "Rutherford") Complaint ("Complaint") as follows:

## PARTIES

1.  GAC is without knowledge or information sufficient to form a belief

Case No. 5:18-CV-01348

1  as to the truth of the matters asserted in the first, second, third, fourth, fifth, and sixth sentences of Paragraph 1 of the Complaint and therefore denies same. As to the specific statutory and regulatory references in the fourth sentence of Paragraph 1 of the Complaint, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12102(2), and the regulations at 28 C.F.R. §§ 36.101 et seq., speak for themselves. To the extent the allegations are inconsistent with that statute and the regulations, GAC denies them.

2. GAC denies the allegations set forth in Paragraph 2 of the Complaint. The ADA speaks for itself; to the extent the allegations in the Complaint are inconsistent with the ADA, GAC denies them.

3. Admitted.

4. Admitted.

5. Denied.

6. Denied.

7. GAC is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 7 and therefore denies same.

**JURISDICTION AND VENUE**

8. The allegations in Paragraph 8 of the Complaint are jurisdictional statements to which no response is required. To the extent a response is required, GAC denies the allegations. The statutes cited in Paragraph 8 of the Complaint speak for themselves and to the extent the allegations are inconsistent with those

statutes, GAC denies them.

9. The allegations in Paragraph 9 of the Complaint are jurisdictional statements to which no response is required. To the extent a response is required, GAC denies the allegations. The statutes cited Paragraph 9 of the Complaint speak for themselves and to the extent the allegations are inconsistent with those statutes, GAC denies them.

10. The allegations in Paragraph 10 of the Complaint are venue statements to which no response is required. To the extent the allegations are inconsistent with those statutes, GAC denies them.

## FACTUAL ALLEGATIONS

11. GAC is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 11 of the Complaint and therefore denies same.

12. The definition of "Business," as defined in Paragraph 5, is so vague that GAC is unable to admit or deny the allegation in Paragraph 12 that the "Business" is a facility open to the public, a place of public accommodation, or a business establishment, and therefore denies the allegations in Paragraph 12.

13. GAC is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 13 of the Complaint and therefore denies same.

14. GAC denies the allegations in Paragraph 14 of the Complaint.

15. GAC denies the allegations in Paragraph 15 of the Complaint.

16. GAC denies the allegations in Paragraph 16 of the Complaint.

17. GAC denies the allegations in Paragraph 17 of the Complaint.

18. GAC denies the allegations in Paragraph 18 of the Complaint.

19. GAC denies the allegations in Paragraph 19 of the Complaint.

20. GAC denies the allegations in Paragraph 20 of the Complaint.

21. GAC is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint and therefore denies same.

22. GAC is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 of the Complaint and therefore denies same.

23. GAC is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 of the Complaint and therefore denies same.

24. GAC denies the allegations in Paragraph 24 of the Complaint.

25. GAC denies the allegations in Paragraph 25 of the Complaint.

26. GAC denies the allegations contained in Paragraph 26 of the Complaint. The case cited in Paragraph 26 of the Complaint speaks for itself. To the extent Plaintiff's allegations are inconsistent with the case, GAC denies them.

27. GAC denies the allegations in Paragraph 27 of the Complaint.

28. GAC denies the allegations in Paragraph 28 of the Complaint.

## FIRST CAUSE OF ACTION

VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42

U.S.C. § 12181 *et seq.*

29. GAC realleges and incorporates by reference its responses to Paragraphs 1 through 28 of Plaintiff's Complaint as if fully set forth herein.

30. The allegations in Paragraph 30 of the Complaint reference statutory provisions of the ADA. These statutes speak for themselves. To the extent the allegations in the Complaint are inconsistent with the statutory provisions, GAC denies them.

31. The allegations in Paragraph 31 of the Complaint cite various federal regulations and guidelines related to ADA standards. These regulations and guidelines speak for themselves. To the extent that the allegations in the Complaint are inconsistent with the regulations or guidelines, GAC denies them. GAC denies all other allegations in Paragraph 31 of the Complaint.

32. GAC denies the allegations in Paragraph 32 of the Complaint.

33. The allegations in Paragraph 33 of the Complaint are a reference to 28 C.F.R. § 36.211(a). This regulation speaks for itself. To the extent that the allegations in the Complaint are inconsistent with this regulation, GAC denies them.

34. The allegations in Paragraph 34 of the Complaint are future statements to which no response is required. To the extent a response is required, GAC denies them.

///

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*

35. GAC realleges and incorporates by reference its responses to Paragraphs 1 through 34 of Plaintiff's Complaint as if fully set forth herein.

36. GAC denies the allegations in Paragraph 36 of the Complaint. The allegations in Paragraph 36 of the Complaint cite California Civil Code § 51 *et seq.* These statutes speak for themselves. To the extent the allegations in the Complaint are inconsistent with the statutory provisions, GAC denies them.

37. GAC denies the allegations in Paragraph 37 of the Complaint and denies that it is liable for any damages whatsoever.

38. GAC denies the allegations in Paragraph 38 of the Complaint. The provisions of California Civil Code § 51 *et seq.* speak for themselves. To the extent the allegations in the Complaint are inconsistent with those statutory provisions, GAC denies them.

## PRAYER FOR RELIEF

39. This section of the complaint constitutes a prayer for relief to which a response is not required. To the extent this section may be deemed to allege any facts or factual or legal entitlements to the relief requested, Defendant denies each and every such allegation. Specifically, Defendant denies that Plaintiff is entitled to any of the requested relief.

## JURY DEMAND

40. This section of the complaint constitutes a jury demand to which a response is not required.

## GENERAL DENIAL

41. Defendant denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

42. Plaintiff's alleged injuries and/or damages, if any, were not caused or proximately caused by any act or omission of this answering Defendant.

### Second Affirmative Defense

43. Plaintiff fails to state a claim against GAC upon which relief may be granted, in whole or in part.

### Third Affirmative Defense

44. Plaintiff has not been denied full and safe access to all of the benefits, accommodations, and services of the Business or Property.

### Fourth Affirmative Defense

45. GAC pleads the affirmative defenses of waiver, consent, estoppel, laches and/or unclean hands.

### Fifth Affirmative Defense

46. Plaintiff lacks standing to bring some or all of the claims alleged in this action.

### Sixth Affirmative Defense

47. Plaintiff failed to provide any notice of alleged violations prior to commencing this action, and GAC did not have any actual or constructive notice regarding any accessibility issues concerning the Business or Property.

### Seventh Affirmative Defense

48. The physical items identified by Plaintiff are not architectural barriers to access, and do not prevent enjoyment of the goods and services of the subject facility.

### Eighth Affirmative Defense

49. The removal, accommodation or alteration of the barriers identified by Plaintiff are not readily achievable, are not technically feasible, would create safety hazards, are not otherwise required, and/or would result in an undue burden.

### Ninth Affirmative Defense

50. Upon information and belief, some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or other statutory or other provisions of law.

### Tenth Affirmative Defense

51. Upon information and belief, any action alleged that allegedly adversely affected Plaintiff was taken in good faith and for legitimate business reasons and without evil, motive, willfulness, malice or reckless indifference toward Plaintiff.

### Eleventh Affirmative Defense

52. Upon information and belief, Plaintiff has failed to mitigate any alleged damages, any entitlement to which is expressly denied.

### Twelfth Affirmative Defense

53. Upon information and belief, if, *arguendo*, ADA Accessibility Guidelines were deemed to be relevant in this case, any deviations from those guidelines are *de minimis* and within construction tolerances.

### Thirteenth Affirmative Defense

54. Upon information and belief, Plaintiff's claims are barred in whole or in part, because Plaintiff was not a bona fide patron of the Business or Property and, if he was ever on the premises, he entered for the sole purpose of instituting the instant litigation.

### Fourteenth Affirmative Defense

55. Plaintiff's claims are barred, in whole or in part, to the extent he is not a qualified individual with a disability entitled to relief within the meaning of the statutes upon which he bases his claims.

### Fifteenth Affirmative Defense

56. Plaintiff's claims are barred because GAC did not discriminate against Plaintiff or deny him a full and equal opportunity to enjoy the goods and services provided at the Business or Property on the basis of an alleged disability.

///

### Sixteenth Affirmative Defense

57. Plaintiff's alleged injuries and/or damages, if any, were not caused by any act or omission of GAC.

### Seventeenth Affirmative Defense

58. To the extent Plaintiff is challenging the accessibility of the paths of an altered area containing a primary function, the cost and scope of compliance would in fact be disproportionate to the overall alteration, and/or the areas in question are not paths of travel within the meaning of the referenced statutes and regulations.

### Eighteenth Affirmative Defense

59. Plaintiff's action should be dismissed for failure to join an indispensable party.

### Nineteenth Affirmative Defense

60. Plaintiff's claims are barred by the doctrine of Res Judicata.

### Twentieth Affirmative Defense

61. Upon information and belief, all actions taken with regard to the design and construction of the Business or Property were taken in good faith and for legitimate, lawful business reasons.

### Twenty-First Affirmative Defense

62. Upon information and belief, other parties or entities provided equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy the goods, facilities and services at the Business or Property.

### Twenty-Second Affirmative Defense

63. Plaintiff's claims are barred for lack of personal jurisdiction.

### Twenty-Third Affirmative Defense

64. Plaintiff's claims are barred because to the extent alterations were made to the Business or Property, such alterations are sufficient in that they satisfy the "to the maximum extent feasible" standard under 42 U.S.C. §12183(a)(2) and 28 C.F.R. § 36.402(a)(1).

### Twenty-Fourth Affirmative Defense

65. Good faith efforts have been made to comply with the ADA and the California statutes, laws and rules referenced in the Complaint, including providing appropriate alternative access.

### Twenty-Fifth Affirmative Defense

66. All design and construction actions taken with regard to the property were taken prior to the passage of state or federal acts at issue and no triggering alterations have since been made.

### Twenty-Sixth Affirmative Defense

67. Plaintiff's claims under the Unruh Act are barred by the statutory provisions of Civil Code sections 51 and 52, which exclude requirements to effect construction, alteration, repair (structural or otherwise), or modification of any sort whatsoever to any new or existing establishment, facility, building, improvement, or any other structure.

## Twenty-Seventh Affirmative Defense

68. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## Twenty-Eighth Affirmative Defense

69. Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

## Twenty-Ninth Affirmative Defense

70. Plaintiff's claims are barred because they have already been settled.

## Thirtieth Affirmative Defense

71. Plaintiff's claims are barred because they were released in a previous contractual agreement.

## Thirty-First Affirmative Defense

72. Plaintiff's Complaint fails to state a cause of action under the ADA because the ADA is unconstitutional for reasons including, but not limited to, its vagueness and its violation of the constitutional prohibition of government taking under the Due Process clause of the United States Constitution.

## Thirty-Second Affirmative Defense

73. Plaintiff's Complaint fails to state a cause of action under the UNRUH CIVIL RIGHTS ACT, CIVIL CODE SECTIONS 51 and 52 because it is unconstitutional for reasons including, but not limited to, its vagueness and its

violation of the constitutional prohibition of government taking under the Due Process clause of the United States Constitution.

### Thirty-Third Affirmative Defense

74. GAC reserves the right to revise this Answer and/or raise additional affirmative defenses that may be discovered during the course of these proceedings.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff's Complaint and each cause of action thereof be dismissed with prejudice;

2. That Plaintiff takes nothing by the Complaint;

3. That the Court enter judgment in favor of Defendant;

4. That Defendant be awarded its costs and attorneys' fees incurred herein to the extent permitted by law and/or contract; and

5. That the Court order such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: November 21, 2018 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |

Dated: November 21, 2018    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Lyne A. Richardson*
LYNE A. RICHARDSON (SBN 143566)
lyne.richardson@ogletree.com

Attorneys for Defendant GREAT AMERICAN CHICKEN CORP, INC. dba KFC #E791053

///

///

///

///

## CERTIFICATE OF SERVICE

I certify that, on the date specified below, this document filed through the ECF system was sent electronically to the registered participates as identified on the Notice of Electronic Filing.

Dated: November 21, 2018    */s/ Lyne A. Richardson*
Lyne A. Richardson

13297492

36440017.1